# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO J. MENA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KERNAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01190-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS THE ACTION**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

## I. <u>Findings</u>

Plaintiff alleges he contracted Valley Fever while housed at Pleasant Valley State Prison. In light *Hines v. Youseff*, 2019 WL 405543, --- F.3d ---, at *24 (9th Cir. Feb. 1, 2019), Defendants are entitled to qualified immunity on Plaintiff's claims. Hence, this action should be dismissed with prejudice; amendment would be futile and need not be granted.

### A. <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii).  A complaint must be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Section 1915 requires a court to dismiss an action "at any time" if the defendant is entitled to immunity.  *Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016), as amended on reh'g (Apr. 15, 2016).  "Once a court has sufficient information to make a determination on immunity, the statute mandates dismissal—even if dismissal comes before the defendants are served."  *Id*. at 1167.  Congress intended § 1915(e) to apply to both absolute and qualified immunity.  *Id.* at 1168.

### B. Summary of Plaintiff's Complaint

Plaintiff names CDCR Secretary Scott Kernan and PVSP Warden Scott Frauenheim as the only defendants and seeks monetary damages and injunctive relief via lifelong medical care and testing.  Plaintiff alleges that he was in good health when he was transferred to PVSP on March 22, 2017, but he began suddenly feeling sick on August 3, 2017, and was diagnosed with Valley Fever on September 7, 2017.  Plaintiff alleges that this violated his rights to be free from cruel and unusual punishment, to be free from discrimination, and constituted a breach of contract.

For the reasons discussed in detail below, Defendants are entitled to qualified immunity on Plaintiff's federal claims and supplemental jurisdiction should not be exercised over his claim under California law.  Leave to amend would be futile and need not be granted.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

Though "plaintiffs [now] face a higher burden of pleadings facts . . ." *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

**2.     Linkage and Causation**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal

connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### D. Claims for Relief

#### 1. Eighth Amendment -- Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

This standard contains both an objective and subjective element. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (discussing objective and subjective elements of Eighth Amendment Claim). In the context of exposure to disease, the objective element asks whether prison officials have exposed the prisoner to a serious medical risk of disease. To determine whether the medical risk to which Plaintiff is exposed is serious, the "courts must 'assess whether the risk the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk,' meaning that the risk 'is not one that today's society chooses to tolerate.' " *Hines v. Youseff*, 2019 WL 405543, --- F.3d ---, at *24 (9th Cir. Feb. 1, 2019) (quoting *Helling*, 509 U.S. at 36 (italics in *Helling*)).

The subjective element of an Eighth Amendment violation asks whether the prison official acted with deliberate indifference in denying medical care or exposing the prisoner to the risk of disease. For conduct to qualify as "deliberately indifferent" in the context of conditions of confinement, the conduct must be shown to be "wanton." "[T]he constraints facing the official" must be considered when determining whether conduct is wanton. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A depravation of a treatment or the exposure to a hazard may be wanton only if it was within the official's ability at the time to avoid the exposure to risk or deprivation of care. "Wantonness consist[s] of 'acting sadistically and maliciously for the purpose of causing harm.'"

4

*Id.*, quoting *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986).

However, prison officials are entitled to qualified immunity on claims under the Eighth Amendment based on inmates' contracting Valley Fever after placement in prisons in the Central San Joaquin Valley. *Hines*, at *25. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Escondido v. Emmons*, 586 U.S. ___, *4 (Jan. 7, 2019) (quoting *Kisela* v. *Hughes*, 584 U. S. ___, ___ (2018) (*per curiam*) (slip op., at 4) (internal quotation marks omitted); see *District of Columbia* v. *Wesby*, 583 U. S. ___, ___–___ (2018); *White* v. *Pauly*, 580 U. S. ___, ___–___ (2017) (*per curiam*); *Mullenix* v. *Luna*, 577 U. S. ___, ___–___ (2015) (*per curiam*). Qualified immunity analysis requires two prongs of inquiry: "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.'" *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) quoting *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009); *see also Pauluk v. Savage* , --- F.3d. ---, 2016 WL 4598287, *8 (9th Cir. Sept. 8, 2016).

In *Hines,* the Ninth Circuit found that the right to be free from heightened exposure to Valley Fever spores has not been clearly established. Two elements were pivotal to this holding. First, prison officials report to and are to follow binding orders from the federal Receiver, who was "appointed by the federal court to assure Eighth Amendment compliance actively managed the state prison system's response to Valley Fever." *Hines*, at *28. Second, millions of people in the Central Valley and Arizona are exposed to the risk of Valley Fever and yet no societal consensus has emerged that the risk is intolerably grave. *Id.*, at *30. Thus, a reasonable official can infer that the risk of contracting Valley Fever "is one society is prepared to tolerate, like the risk of being injured or killed in a traffic accident." *Id.* "Because so many people freely choose to live in the Central Valley despite the Valley Fever risk, and there is no evidence . . . that 'society's attitude had evolved to the point that involuntary exposure' to either the heightened risk inside prison or the lower risk outside prison 'violated current standards of decency,' it would not have been 'clear' to every reasonable officer that the inmates had a valid claim under *Helling*."

*Hines*, at *30. Thus, Plaintiff's claim under the Eighth Amendment should be dismissed because Defendants are entitled to qualified immunity.

### 2. Fourteenth Amendment -- Racial Discrimination

Similarly, prison officials are entitled to qualified immunity on claims for violation of the Fourteenth Amendment based on allegations of failing to segregate to exclude minority inmates from prisons in the Central Valley. *Hines*, at *33. The Ninth Circuit delineated three reasons for this holding. First, exclusion of inmates by race from prisons in the endemic area was not recommended by the Federal Receiver until November 2012.[1] Second, "the Constitution generally demands race neutrality;" the racial classification desired by the plaintiffs in *Hines* and by Plaintiff here "is presumptively unconstitutional." *Id.*, at *34. Even when viewed as an aspect to promote inmate safety, strict scrutiny applies to any policies based on race. *Id*, at *35 (citing *Johnson v. California*, 543 U.S. 499, 505 (2005)). Finally, a reasonable official could have believed that not excluding African-Americans from the prisons was consistent with the scientific data and pre-2012 expert recommendations which concluded that targeting chronic conditions and outdoor exposure could do more to decrease Valley Fever than targeting race or age. *Id.*, at *36-37. Inmates do not have a clearly established right to be segregated from certain Central Valley prisons based on their race. *Id.*, at *38. This same analysis applies to claims that prison officials violate the Equal Protection Clause by failing to make the prisons safe. *Id.*, at n. 71, *38. Thus, Plaintiff's claim under the Fourteenth Amendment should be dismissed because Defendants are entitled to qualified immunity.

### 3. Breach of Contract Under California Law

Plaintiff's allegations under Claim II pertain to documents with information about symptoms of Valley Fever that he was apparently given upon arrival at PVSP. (Doc. 1, p. 5.) Plaintiff alleges that the information in those documents was inaccurate and intentionally

---

[1] *Plata* ECF No. 2601, at 3. "The Receiver did not want to rely "solely on racial classifications," *id.* at 7, so it crafted a risk-based cutoff that had the effect of excluding African-Americans, inmates of "other races" (*e.g.*, Filipinos), and those over 55 -- but not Latino/Hispanic or white inmates, *id.* at 8. It is clear that the Receiver considered race, not just risk. *Id.* at 12. And being African-American is now, under the Receiver's cutoff, reason enough to keep an inmate out of the Central Valley prisons." *Hines*, n. 60, at *34.

misrepresented the circumstances surrounding infection with Valley Fever to avoid creating a fearful environment among the inmates. Plaintiff alleges that, due to the inaccuracies in those documents, he contracted Valley Fever. This is insufficient to state a breach of contract claim -- i.e. that the parties engaged in a bargained for exchange, which was breached by one side, to the detriment of the other. From Plaintiff's vague allegations, it appears that he was provided documents pertaining to the incidence and symptoms of infection with Valley Fever, which he was likely required to sign acknowledging receipt -- not to form a contract.

Even if Plaintiff were able to state a cognizable claim for breach of contract, he must show compliance with the California Government Claims Act to proceed on any such claim here. The CGCA, set forth in California Government Code sections 810 et seq., states that a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board and the Board acted on the claim, or the time for doing so expired. The CGCA "requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995).

The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn. omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d

7

702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008). Plaintiff fails to state any allegations which show he complied with the CGCA upon which to be allowed to pursue claims for breach of contract.

Further, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Whether Plaintiff has complied with the CGCA, jurisdiction over any claim under California law should not be exercised since Defendants are entitled to qualified immunity to Plaintiff's federal claims.

**II.     CONCLUSION**

For the reasons discussed above, Plaintiff may not pursue claims based on being housed in

a facility where he contracted Valley Fever. Per *Hines*, Defendants are entitled to qualified immunity on all such claims and leave to amend need not be granted since futile.

Accordingly, the Court **RECOMMENDS** that this action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 5, 2019**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE